**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **S.B. BY AND THROUGH HER MOTHER, S.B.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 21-217** |
| **JEFFERSON PARISH PUBLIC SCHOOL SYSTEM, ET AL** | **SECTION: "S" (2)** |

**ORDER AND REASONS**

**IT IS HEREBY ORDERED** that the court's previous order (Rec. Doc. 82) dismissing as moot plaintiff's Motion for Indicative Ruling Under FRCP 62.1 (Rec. Doc. 74) and Motion for Leave to File 3rd Amended Complaint (Rec. Doc. 73) is **VACATED**.

**IT IS FURTHER ORDERED** that plaintiff's **Motion for Indicative Ruling Under FRCP 62.1** (Rec. Doc. 74) is **DENIED**;

**IT IS FURTHER ORDERED** that plaintiff's **Motion for Leave to File 3rd Amended Complaint** (Rec. Doc. 73) is **DEFERRED** pending resolution of the appeal now before the United States Fifth Circuit Court of Appeals.

**I. BACKGROUND**

On October 15, 2021, this court granted the defendants' motions to dismiss, dismissing all of plaintiff's claims including a claim against teacher Janine Rowell for an Equal Protection violation based on plaintiff's disability status, namely, autism. A subsequent motion for leave to amend was denied by the Magistrate Judge and objections to her ruling overruled. Final judgment was entered on February 17, 2022. The United States Fifth Circuit Court of Appeals

issued its opinion affirming the undersigned on May 30, 2023, and plaintiff subsequently filed a timely petition to that court for rehearing en banc.

Two months after oral argument was held on the appeal, but prior to issuance of the Fifth Circuit's opinion affirming this court's dismissal of plaintiff's claims, plaintiff filed a motion for an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1. She seeks an indicative ruling that if properly presented, the court would grant her motion for leave to amend or find that the motion raises a substantial issue. In support, plaintiff argues that newly discovered evidence has surfaced in connection with another case involving defendant Janine Rowell. With respect to Rowell, in the instant case plaintiff alleged that during an applied behavioral therapy session, plaintiff refused to get up from the floor to clean up puzzle pieces. The therapist moved to help plaintiff off of the floor and plaintiff kicked at her, which plaintiff alleges is a symptom of autism. Rowell slapped plaintiff's wrists and told her "No ma'am, no kicking!"

In dismissing plaintiff's claims against Rowell, the court stated that "[w]hile plaintiff alleges that her mistreatment was intentional and on the basis of her disability, she points to no words or actions of . . . Rowell that evince this." Rec. Doc. 38, 7. The court further found that:

> [T]he *facts* that plaintiff alleges simply do not support an inference that plaintiff was treated differently because of her disability. Plaintiff alleges that Rowell slapped her wrists when plaintiff, refusing to pick up puzzle pieces, began to kick at her behavioral technician. Rowell then slapped her wrists saying "No ma'am! No kicking!" On a separate occasion nine months later, when plaintiff reached out and pinched her SNP's neck, Nick, the SNP, grabbed and slapped the top of plaintiff's hand saying "We do not pinch our friends." These allegations demonstrate that plaintiff was slapped not based upon her disability, but in an effort to correct inappropriate behavior.

Id. The court concluded that because plaintiff's own allegations supplied a non-discriminatory

reason for the inappropriate corporal punishment, she had not stated a plausible claim for equal protection relief. Id. at 7-8.

Plaintiff has filed the instant motions arguing that previously unavailable evidence of Rowell's animus toward autistic children has surfaced in another suit against her originating in St. Tammany Parish and filed in another section of this court. See Doe v. St. Tammany Parish Sch. Bd., Case No. 2:23-cv-01170-BWA-JVM (filed Apr. 5, 2023). According to plaintiff, after leaving Jefferson Parish, Rowell became a paraprofessional in St. Tammany Parish, where she was recently arrested and charged with battery of special-needs children. In the St. Tammany Parish suit, plaintiff alleges that five witnesses reported that Rowell not only physically abused special-education children, but also made several facially discriminatory comments, such as "They all belong in institutions, not school." See id. at Rec. Doc. 1, ¶ 37. Rowell also allegedly referred to two autistic children as "terror twins" and "feral children." Id. at ¶¶ 33 & 35. Plaintiff contends that these newly discovered facts support a showing that Rowell possesses a deep-seated animus toward disabled children.

Plaintiff seeks an indicative ruling from this court on her motion to amend her complaint to include expanded allegations regarding Rowell's animus toward the disabled.[1]

[1]Following the Fifth Circuit's affirmance of this court's order dismissing plaintiff's claims, but prior to its issuance of the mandate, this court previously dismissed the motions as moot. Subsequently, plaintiff timely filed a motion for rehearing en banc before the Fifth Circuit. Accordingly, the motions are not moot, and the court therefore vacates its prior order.

## II. LEGAL STANDARDS

***Federal Rule of Civil Procedure 62.1***

Generally, district courts are divested of jurisdiction upon the timely filing of an appeal. Moore v. Tangipahoa Par. Sch. Bd., 836 F.3d 503, 504 (5th Cir. 2016). However, because the time period for filing a Rule 60(b) motion for relief from judgment is longer than the 30-day period for filing an appeal, courts have routinely been presented with an otherwise timely Rule 60(b) motion filed after an appeal has been docketed. See 11 CHARLES ALAN WRIGHT & ARTHUR MILLER, FED. PRAC. & PROC. CIV. § 2911 (3d ed. 1998). Federal Rule 62.1 was enacted to formalize a long-standing practice in many district courts in which they would deny the Rule 60(b) motion or defer it, or state that it would grant it if the case was remanded for the purpose. Id. The rule provides in part:

> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> > (1) defer considering the motion;
> >
> > (2) deny the motion; or
> >
> > (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

If the district court states that it would grant the motion or that it raises a substantial issue, the movant must notify the appellate court, which has the option of remanding the motion to the district court for decision. FED. R. CIV. P. 62.1(b) & (c).

In the instant case, plaintiff seeks an indicative ruling that the court would grant her leave

to amend if properly presented, or that the motion for leave raises a substantial issue.

***Federal Rule of Civil Procedure 15(a)***

Under Federal Rule 15(a)(2), “a party may amend its pleading only with the opposing party's consent or the court's leave. The court should freely give leave when justice so requires.” The court has discretion on whether to grant or deny leave to amend. Union Planters Nat. Leasing, Inc. v. Woods, 687 F.2d 117, 121 (5th Cir. 1982). In deciding whether to grant leave to file an amended pleading under Rule 15(a), a district court may consider factors such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. Id.

However, the court's discretion to allow an amendment "narrows considerably" once judgment is entered. Benson v. St. Joseph Reg'l Health Ctr., 575 F.3d 542, 550 (5th Cir. 2009) while Rule 15(a). "A post-judgment amendment is permissible only when the judgment is vacated pursuant to Federal Rule of Civil Procedure 59 or 60." Id. (citing Vielma v. Eureka Co., 218 F.3d 458, 468 (5th Cir. 2000)).

***Federal Rule of Civil Procedure 60***

Rule 60(b) provides several reasons for which a court may relieve a party from an order:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, but no more than one year after the judgment or order or the date of the proceeding if the grounds for relief are under reasons (1), (2), or (3). Id. at 60(c)(1). "Relief under Rule 60(b)(6) is available only in extraordinary circumstances." Buck v. Davis, 580 U.S. 100, 123 (2017) (internal quotations and citations omitted).

**III. DISCUSSION**

In her Rule 15 motion, plaintiff asserts that she recently learned of facts underlying the proposed expanded allegations when similar allegations were made in another case, and this newly discovered evidence justifies the allowance of an amendment to her complaint. However, because judgment has been entered in this case, an amendment is only permissible if the judgment is vacated pursuant to Rules 59 or 60. See Benson, 575 F.3d at 550. Other courts presented with this same scenario – a motion to amend based upon Federal Rule 15 submitted post-judgment – have construed the motion as one brought under Rules 59 or 60 and analyzed it accordingly. See, e.g., Ysleta del sur Pueblo v. City of El Paso, 2020 WL 1209328 (W.D. Tex. 3/24/2020). In this case, judgment was entered on February 17, 2022 and plaintiff's motion was filed on May 2, 2023. It is therefore too late to be considered under Rule 59 (which must be filed within 28 days of entry of judgment) or Rule 60(b)(1)-(3) (which must be filed within one year

of entry of judgment). The sole path for the requested relief available to plaintiff is pursuant to Rule 60(b)(6), which provides relief for "any reason that justifies relief", and must be made "within a reasonable time", and "is available only in extraordinary circumstances." Buck, 580 U.S. at 123.

On the facts before it, the court finds the prudent course is to defer ruling on the motion pending resolution of the appeal now before the Fifth Circuit. Despite the fact that the motion was filed over a year after judgment was entered, plaintiff's motion to amend is brought pursuant to Rule 15(a), rather than invoking Rule 60(b). Plaintiff did not address the requirements of Rule 60(b) in her motion, referencing it for the first time in her reply. While the court does not conclude that plaintiff is unable to meet the extraordinary requirements for Rule 60(b)(6) relief, on the record before it, the court cannot conclude that she has. Finally, because it is apparent from the record that plaintiff's counsel was aware of the alleged new facts or evidence prior to the oral argument on appeal, pretermitting the question whether plaintiff unduly delayed in bringing it forward, at a minimum, it suggests a lack of urgency that would require the court to insert itself into appellate proceedings at this late stage. Rather, the prudent course is to defer consideration of the motion until it is properly presented after the appeal has been fully and finally resolved, if necessary at that juncture. Accordingly,

**IT IS HEREBY ORDERED** that the court's previous order (Rec. Doc. 82) dismissing as moot plaintiff's Motion for Indicative Ruling Under FRCP 62.1 (Rec. Doc. 74) and Motion for Leave to File 3rd Amended Complaint (Rec. Doc. 73) is **VACATED**.

**IT IS FURTHER ORDERED** that plaintiff's **Motion for Indicative Ruling Under**

**FRCP 62.1** (Rec. Doc. 74) is **DENIED**;

**IT IS FURTHER ORDERED** that plaintiff's **Motion for Leave to File 3rd Amended Complaint** (Rec. Doc. 73) is **DEFERRED** pending resolution of the appeal now before the United States Fifth Circuit Court of Appeals.

New Orleans, Louisiana, this 21st day of June, 2023.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**